FILED
AUG 27 2008
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
District of Columbia

James Stephen Jones §
Beaumont FCI-Low §
P.O. Box 26020 §
Beaumont, Texas 77720-6020 §
    Petitioner-Defendant §

v §    Case: 1:08-cv-01493

Micheal B. Mukasey, Attorney §    Assigned To : Unassigned
General of the United States §    Assign. Date : 8/27/2008
950 Pennsylvania Avenue, NW §    Description: Habeas Corpus/2255
Washington, D.C. 20530 §

and §

John C. Truong, Asst. U.S. §
Attorney, District of Columbia
10th and Constitution Ave., NW §
Washington, D.C. 20530 §
    Respondents §

EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS

1. Petitioner James S. Jones, a federal inmate at Beaumont FCC-Low, seeks an emergency Writ of Habeas Corpus directing the respondents to immediately release petitioner.

2. Respondent Mukasey was administratively notified via Certified Mail that his subordinates have altered the factual record in petitioner's criminal case by submitting contradictory evidence from their original sentencing position, in violation of petitioner's right to due process.

3. Petitioner filed a FOIA Complaint to this court (Jones v U.S. DOJ; CV No. 07-0852-HHK) seeking records in respondents' possession that would conclusively prove that respondents altered the factual court record with false contradictory evidence when petitioner

RECEIVED
AUG 14 2008
Clerk, U.S. District and Bankruptcy Courts

sought extraction of waste materials from the chemicals his sentence was based upon, pursuant to Amendment 484 of U.S. Sentencing Guidelines.

4. Respondent John C. Truong has now falsely claimed to this court in petitioner's FOIA Complaint, pending before this court, that petitioner did not attach a Certificate of Identy with his FOIA request, in an effort to block petitioner's efforts to obtain proof that the respondents are factually altering the factual record of his criminal case, in violation of petitioner's right to due process.

5. Petitioner is actually innocent of being sentenced based on size and capability of laboratory (see Exhibits "C" thru "I" of FOIA Complaint).

6. In October 1991, Petitioner Jones was sentenced to 260 months in federal prison by the District Court based upon the chemicals seized at the Axtell, Texas Laboratory on April 3, 1991 (see Exhibits "C" thru "I" of companion case).

7. In 2003, pursuant to 18 USC §3582(c)(2) and retroactive USSG Amendment 484, petitioner requested that he be resentenced without the waste/inert materials in the chemicals used to calculate petitioner's sentence.

8. The Respondents responded to this 3582(c) motion by stating that petitioner was sentenced based upon the size and capability of the laboratory not the seized chemicals. On January 22, 2004 the District Court agreed and denied petitioner's 3582(c) motion and when petitioner appealed, the Fifth Circuit upheld the lower court ruling.

9. On October 12, 2005 petitioner mailed a FOIA request to Executive

Office for US Attorneys, 600 E. St., NW, Room 7300, Washington, DC 20530 via Certified Mail #7003-1680-0005-0389-6240 with an attached certificate of identity requesting transcripts showing petitioner sentence based upon size and capability of laboratory.

10. On December 12, 2005 petitioner, via Certified Mail, notified Respondent Attorney General of the altering of facts of his case.

11. When respondents refused to answer FOIA request, on May 8, 2007, petitioner filed his FOIA Complaint.

12. On October 9, 2007 Respondent Truong falsely submitted documents that reflected petitioner did not attach a certificate of identity with his FOIA request.

13. On October 18, 2007 petitioner submitted sworn affidavit and documentation reflecting he did submit a certificate of identity and that his FOIA request reflected that fact.

14. Rather than recalculate petitioner's sentence minus the waste and with the right type of methamphetamine, the respondents altered the facts of the criminal case and FOIA civil case. Petitioner is entitled to have his waste materials extracted from his chemicals used to calculate his sentence. (see U.S. v Levay, 76 F3d 671(5th Cir. 1996) and entitled to have the type of methamphetamine determined in order to sentence him. U.S. v Acklen, 47 F3d 739(5th Cir. 1995).

15. Petitioner's Due Process Rights were violated when:

   a. The Respondents, in their 3582(c) response, used inconsistent theories to secure petitioner's conviction (i.e. altering the record from petitioner being sentenced based upon calculation of chemicals

3

seized to petitioner being sentenced based upon size and capability of laboratory). See, <u>Lisenba v California</u>, 314 US 219(1941); <u>Dunn v United States</u>, 447 US 100(1979)(defendant's due process rights violated when conviction affirmed on offense not charged with and not presented to court); <u>Nichols v Scott</u>, 69 F3d 1255, 1268-72 (5th Cir. 1995); <u>Smith v Groose</u>, 205 F3d 1045, 1049-53(8th Cir. 2000); <u>Drake v Kemp</u>, 762 F2d 1449(11th Cir. 1985)(en banc); see also, <u>United States v Agurs</u>, 427 US 97, 112(1976); <u>Lassiter v Department of Social Services</u>, 452 US 18, 24-25(1981); and

    b. Respondents Mukasey and Truong of the District of Columbia delaying, obstructing and interfering with petitioner's attempt to obtain court relief. <u>Ryland v Shapiro</u>, 708 F2d 967(5th Cir. 1983); <u>Stone v City of Chicago</u>, 738 F2d 896(7th Cir. 1984); <u>Swekel v City of River Rouge</u>, 119 F3d 1259, 1261-63(6th Cir. 1997).

16. Had the respondents accurately applied the facts as derived from the record in petitioner's case, Petitioner Jones would have been entitled to modification of his sentence. Petitioner was sentenced based upon 1224.72 grams of methamphetamine. At the 50% conversion rate (see USSG Amendment 625) 612.36 grams would result and a base offense level of 28 and 168 months in prison. A 50% conversion with the D-L type of methamphetamine determination would reduce the sentence to 122.2 grams and a base offense level of 26 with 145 months in prison.

17. Petitioner Jones has served over 206 months and is entitled to immediate release.

Jurisdiction

18. This Court has jurisdiction pursuant to 28 USC §§1361 and 2241.

This Court, also, has jurisdiction under D.C. Code §13-422 because respondents both have their principal place of business in the District of Columbia. Moreover, a major portion of the events alleged, herein, occurred in this court by the actions of respondents. See, also, D.C. Code §16-1901.

## Parties

19. James S. Jones is the Petitioner. His mailing address is: James Stephen Jones, #56081-080, P.O. Box 26020, Beaumont, TX 77720.

20. Michael B. Mukasey is a Respondent. His Mailing address is: Office of the Attorney General, Tenth and Constitution Avenue, Washington, D.C. 20530.

21. Respondent John C. Truong is an Assistant U.S. Attorney in Washington D.C. His mailing address is: Tenth and Constitution Avenue, NW, Washington, D.C. 20530

## Conclusion

22. Based on the foregoing, the Emergency Petition for Writ of Habeas Corpus should be granted.

Respectfully submitted,

~~July 31, 2008~~

~~August 8, 2008~~

August 11, 2008

James Stephen Jones
Reg. No. 56081-080
P.O. Box 26020
Beaumont, TX 77720-6020

## Certificate of Service

I, James S. Jones hereby certify that I mailed a true and correct copy of the foregoing Emergency Petition for Writ of Habeas Corpus addressed to:

U.S. Attorney's Office
attn: John C. Truong, AUSA
Tenth and Constitution Ave., NW
Washington, D.C. 20530

Office of Attorney General
attn: Michael B. Mukasey, Atty. Gen.
Tenth and Constitution Ave., NW
Washington, D.C. 20530

~~On this the~~ 31 ~~day of July, 2008.~~

On this the 8th 11th day of August, 2008.

James S. Jones